IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DARREL C. ARMSTRONG<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>Defendant. | CV 13–94–M–DWM–JCL<br><br><br>ORDER |

Plaintiff Darrel Armstrong ("Armstrong") brings this action under 42 U.S.C. § 405(g) seeking judicial review of the decision of the Commissioner of Social Security denying his application for disability insurance benefits and supplemental security income under Title II and XVI of the Social Security Act, 42 U.S.C. §§ 401– 434, §§ 1381–1385. This matter comes before the Court on Armstrong's motion for summary judgment. (Doc. 16.) Magistrate Judge Jeremiah Lynch entered findings and recommendations on September 15, 2014, recommending that the Court grant Armstrong's motion and remand for further proceedings. (Doc. 27.) No party objected to any of the findings and recommendations.

The Court reviews findings and recommendations on nondispositive

1

motions for clear error. 28 U.S.C. § 636(b)(1)(A); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). On dispositive motions, the parties are entitled to *de novo* review of the specified findings or recommendations to which they object, 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp.*, 656 F.3d at 1313, and where there are no objections, the Court is to give the level of consideration it deems appropriate, *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). This Court reviews for clear error.

In making the determination that Armstrong was not disabled, the Administrative Law Judge ("Judge") relied on her assessment of Armstrong's credibility and the opinions of Dr. Cheryl Van Denburg, Armstrong's treating psychologist, Dr. Heather Maddox, Armstrong's treating physician, and Douglas Marbarger, a physician assistant. The Judge gave little weight to the opinion of Dr. Cheryl Van Denburg because her opinion was purportedly "inconsistent with the medical evidence as a whole." (Tr. 27.) But the Judge made no effort to identify what evidence in the record was inconsistent with Dr. Van Denburg's opinion. For the Judge to simply say that a medical opinion is not consistent with

2

the medical evidence does not by itself achieve the level of specificity required by the Ninth Circuit. *Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988). "The [Judge] must do more than offer [her] conclusions. [She] must set forth [her] own interpretations and explain why they, rather than the doctors' are correct." *Id.*; *accord Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). "Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons supported by substantial evidence in the record. Even if the treating doctor's opinion is contradicted by another doctor, the [Judge] may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record." *Reddick*, 157 F.3d at 725 (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)) (internal citations omitted). The Judge may accomplish this by setting forth "a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1998). The Judge erred in failing to provide specific and legitimate reasons for discounting the opinions of Dr. Van Denburg.

The Judge gave little weight to the opinion of Dr. Heather Maddox because her opinion purportedly "contrast[ed] sharply with the other evidence of record." (Tr. 27.) Again the Judge pointed to no evidence in the record that contrasted with

3

Dr. Maddox's opinion. The Ninth Circuit has made clear that reviewing courts are "constrained to review the reasons the [Judge] asserts" and should not engage in an independent analysis of the medical records. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). It would be error for this Court to identify reasons for rejecting medical opinions that could have been provided by the Judge, but were not. *See Stout v. Commr. SSA*, 454 F.3d 1050, 1054 (9th Cir. 2006); *see also Pinto v. Massannari*, 249 F.3d 840, 847 (9th Cir. 2001). The Judge erred in failing to provide specific and legitimate reasons for discounting the opinions of Dr. Heather Maddox.

While "[a] decision of the [Judge] will not be reversed for errors that are harmless," *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005), the Court cannot consider an error harmless "unless it can confidently conclude that no reasonable [Judge], when fully crediting that [evidence], could have reached a different disability determination," *Stout v. Commr. SSA*, 454 F.3d 1050, 1056 (9th Cir. 2006). The Court cannot say with confidence that no reasonable Judge, when fully crediting these medical opinions, could have reached a different disability determination. Consequently, the Judge's failure to properly reject this evidence cannot be viewed as harmless.

The Judge gave little weight to Douglas Marbarger's opinion because "the

4

specific objective findings needed to support the level of restrictions noted are not documented." (Tr. 27.) As a physician assistant, Marbarger does not qualify as an acceptable medical source. 20 C.F.R. §§ 404.1513(a), (d), 416.913(a), (d); *Titles II and XVI: Considering Opinions and Other Evidence from Sources Who Are Not "Acceptable Medical Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies*, SSR 06-03p (S.S.A. Aug. 9, 2006). Only acceptable medical sources can render medical opinions. SSR 06-03p; 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). Information from "other sources" may nevertheless "provide insight into the severity of the impairment and how it affects the individual's ability to function." SSR 06-03p. The Judge must provide "germane" reasons for discounting an "other source" opinion like Marbarger's. *Valentine v. Commr. SSA*, 574 F.3d 685, 694 (9th Cir. 2009); *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997). The Judge should evaluate opinion evidence from "other sources," and in doing so consider such factors as how long the source has known the claimant, how frequently the source has seen the individual, whether the opinion is consistent with other evidence, how well the source explains the opinion, the degree to which the source presents relevant evidence to support the opinion, and whether the source has an area of

expertise related to the individual's impairment. SSR 06-03p. The Judge did not consider any of the factors set forth in SSR 06-03p, and did not discuss Marbarger's treatment notes or otherwise elaborate on why she chose not to accept Marbarger's opinion that Armstrong would not be capable of medium work. The lack of documentation of Marbarger's findings was not a sufficiently germane reason for discounting Marbarger's opinion.

Finally, the Judge found Armstrong's testimony not credible because "the objective findings in this case fail to provide strong support for [his] allegations of disabling symptoms and limitations." (Tr. 26.) If the Judge finds "the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged," and "there is no evidence of malingering, the [Judge] can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotation marks and citations omitted). Armstrong met his initial burden because he provided evidence that he has underlying impairments that could reasonably be expected to produce some symptoms and the Judge did not find that he was malingering. To support her adverse credibility finding, the Judge pointed to evidence that Armstrong attends to his personal and

household needs, takes classes, and spends time with others. (Tr. 26.) But the Judge did not explain which objective findings discredited which part of Armstrong's testimony, nor did she elaborate on how the medical evidence undermined Armstrong's credibility. The Judge did not provide sufficiently clear and convincing reasons for finding Armstrong's testimony not credible.

Accordingly, IT IS ORDERED that Judge Lynch's Findings and Recommendations (Doc. 27) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Armstrong's motion for summary judgment (Doc. 16) is GRANTED. The decision of the Commissioner is REVERSED and this matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order, including reevaluation of Armstrong's credibility and the opinions of Dr. Van Denburg, Dr. Maddox, and Marbarger.

IT IS FURTHER ORDERED that the Judge should clarify what, if any, limitations are incorporated into the residual functional capacity assessment to account for Armstrong's severe mental impairments.

Dated this 16 day of October, 2014.

Donald W. Molloy, District Judge
United States District Court